# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE DELGADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 4364 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| CLIENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Jose Delgado alleges that Defendant Client Services, Inc. ("Client Services") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by sending Delgado a misleading letter regarding a debt that he owed. Client Services moves to dismiss the Amended Complaint, arguing that the letter is not misleading on its face as a matter of law and that Client Services met the FDCPA's requirements regarding communicating the amount of the debt owed. Because the Amended Complaint fails to adequately allege that Client Services violated the FDCPA, the Court grants Client Services' motion to dismiss without prejudice.

## BACKGROUND[1]

Delgado is an individual consumer who obtained a credit card from Capital One and allegedly defaulted on the debt he had incurred on that card. Subsequently, Client Services, a debt collector, obtained the debt's collection rights. On May 15, 2017, Client Services sent Delgado a collection letter (the "Letter") seeking to collect on the debt. The Letter included the following statement and itemization:

---

[1] The facts in the background section are taken from Delgado's Amended Complaint [33] and exhibits attached thereto and are presumed true for the purpose of resolving Client Services' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

> The above CAPITAL ONE BANK (USA), N.A., account has been placed with our organization for collections.
>
> | | |
> |---|---|
> | Balance Due At Charge-Off: | 2,619.26 |
> | Interest: | 0.00 |
> | Other Charges: | 0.00 |
> | Payments Made: | 20.00 |
> | **Current Balance:** | **2,599.26** |

Doc. 33-1, Ex. B. Reading the Letter, Delgado believed that, in light of the fact that "interest" and "other charges" were itemized in the letter, interest and charges would begin accruing on the alleged debt if he did not pay it.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

Under 15 U.S.C. § 1692e, a debt collector violates the FDCPA by using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This section of the FDCPA specifically lists sixteen prohibited types of conduct, including

(1) "[t]he false representation of [ ] the character, amount, or legal status of any debt," (2) "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and (3) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10). In addition, § 1692g requires that, within five days of communicating with a consumer about their debt, debt collectors must inform the consumer of the amount of the debt owed if they did not inform them at the time of the communication. 15 U.S.C. § 1692g(a)(1). Delgado alleges that Client Services' Letter violated § 1692e by including lines for interest and other charges. Though the Letter listed both categories as "0.00," Delgado argues that this implied that interest and other charges would accumulate in the future, and that this falsely represented the status of the debt and falsely represented that interest and other charges could be applied that Client Services never intended to apply. In the alternative, Delgado argues that if Client Services did intend to potentially assess interest or other charges against him for lack of payment, the Letter violates § 1692g for failure to notify him of the actual amount of the debt.

**I.      False, Deceptive, or Misleading Statement Under § 1692e**

Delgado first alleges that the inclusion of "interest" and "other charges" in the Letter's itemization of Delgado's debt made the communication misleading. Specifically, although the Letter clearly lists that no interest or other charges exist at the time of the Letter, Delgado states that the mere inclusion of those categories on the itemization of his debt led him to believe that Client Services would impose these extra costs on Delgado if he did not pay his debt. For the purposes of this claim, Delgado alleges that Client Services had no basis for charging interest or other charges, and never intended to actually impose those costs—rather, it included those categories in an attempt to induce Delgado to pay his balance to avoid further debt. Client

Services argues that the inclusion of interest and other charges in the itemization of Delgado's debt, when 0.00 is listed for both categories, could not lead an unsophisticated consumer to believe that interest or other charges would later accrue. The Court agrees.

Section 1692e prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt. 18 U.S.C. § 1692e. To determine whether a communication violates § 1692e, the Court must apply the "unsophisticated consumer" test. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). "If a statement would not mislead an unsophisticated consumer, it does not violate the FDCPA." *Id.* at 645–46. The unsophisticated consumer "isn't a dimwit." *Id.* at 645. He or she has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id.* (citations omitted) (internal quotation marks omitted). Although an unsophisticated consumer "may tend to read collection letters literally, he does not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citation omitted) (internal quotation marks omitted). Typically determining whether a communication is misleading is a question of fact that a court cannot determine at the motion to dismiss stage. *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012). However, if the Court can determine from the face of the letter in question that "not even a significant fraction of the population would be misled by it . . . the court should reject it without requiring evidence beyond the letter itself." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574–75 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted). If the statements in question "plainly, on their face, are not misleading or deceptive," the Court may dismiss the case based on its own determination without looking at extrinsic evidence. *Boucher v. Fin. Sys. of*

*Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (citations omitted) (internal quotation marks omitted).

In addition to the requirement that a statement must be misleading or deceptive, the Seventh Circuit requires that an alleged violation of § 1692e be material and as such "have [a] practical impact on a consumer's rights or decision-making process—that is, . . . represent the kind of conduct the [FDCPA] was intended to eliminate." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016). Thus, the Court asks not only whether the statement is false or misleading, but also whether the statement is material. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 758 (7th Cir. 2009).

Turning to the case at hand, Client Services cites three district court decisions within the Seventh Circuit for the proposition that dunning letters containing itemizations of "Interest: 0.00" do not violate the FDCPA. *See* Doc. 29 at 10–11 (citing *Smith v. First Nat'l Collection Bureau, Inc.*, No. 06 C 4742, 2007 WL 4365335 (N.D. Ill. Dec. 10, 2007); *Humes v. Blatt, Hasenmiller, Liebsker & Moore, LLC*, No. 1:06-cv-985-SEB-JPG, 2007 WL 2793398 (S.D. Ind. Sept. 26, 2007); *Porter v. Law Office of Charles G. McCarthy, Jr. & Assocs.*, No. 09-1370, 2011 WL 3320331 (C.D. Ill. Aug. 2, 2011)). Ironically, Client Services cites these cases misleadingly. Though all three cases do involve dunning letters that contained itemizations of "Interest: 0.00," none of these courts considered whether the mere presence of those itemizations implies that interest will be due; the parties in those cases never raised that argument. *See Smith*, 2007 WL 4365335, at *1 (plaintiff argued that listing zero interest was false and misleading, in light of the fact that the original debtor (not the collection agency) had charged the plaintiff interest); *Humes*, 2007 WL 2793398, at *2 (same); *Porter*, 2011 WL 3320331, at *3 (considering "whether the

Defendant violated the FDCPA by including in the amount of debt an amount for attorney's fees and by threatening to file suit").

Though these cases are not persuasive, the Court agrees that Delgado has not successfully alleged that the Letter is false, misleading, or deceptive. The language in the Letter is clear. It displays the amount due at the top, and includes an itemization in the body of the letter, including "Interest: 0.00" and "Other Charges: 0.00." Doc. 33-1, Ex. B. Rather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges. A virtually identical fact pattern occurred in *Dick v. Enhanced Recovery Co.*, where the court addressed whether a collection letter that contained the same type of itemization (there, the terms were "Interest Accrued" and "Non-Interest Charges and Fees") was misleading under § 1692e. No. 15-CV-2631 (RRM) (SMG), 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016). There, the court held that the letter was not false, deceptive, or misleading, noting that "the [l]etter does not leave [the plaintiff] in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection."[2] Id. at *4. The situation is the same here. To find otherwise places debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading. Debt collectors would be damned if they do and damned if they don't. This is clearly not what Congress intended the FDCPA to do – essentially turn debt collectors into a modern-day version

---

[2] The Second Circuit applies the least sophisticated consumer standard, which is substantially similar to the Seventh Circuit's unsophisticated consumer test. *See Dick*, 2016 WL 5678556, at *3 (the least sophisticated consumer standard is "intended to protect the naïve from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters" (internal quotation marks omitted)); *see also Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948–49 (7th Cir. 2004) (noting the similarity of the two standards but finding that the "unsophisticated debtor" standard is more precise).

of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much. Indeed, Client Services has done precisely what the Seventh Circuit recommends by clearly itemizing the various components of the debt. *See Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 566 (7th Cir. 2004)(simply stating the total debt without indicating that it included attorneys' fees and collection costs gives a false impression of the character of the debt, and noting "[o]ne simple way to comply with § 1692e and § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt.").

Consideration of the Letter as a whole reinforces the fact that it is not misleading. There is no suggestion that the amount due will change if the balance is not paid within a certain period of time and no other mention of interest and other charges. Most convincingly, the Letter indicates that Delgado had already begun repaying his debt at the time he received the Letter ("Payments Made: 20.00," Doc. 33-1, Ex. B), and still the interest and other charges remained at zero. If Delgado believed that the Letter was threatening to assess interest and collection fees, it would not make sense that the amounts remained at zero after collection had already begun.

Delgado contends that *Tylke v. Diversified Adjustment Service, Inc.* provides persuasive authority that the itemization in the Letter is misleading. No. 14-CV-748, 2014 WL 5465173 (E.D. Wis. Oct. 28, 2014). In *Tylke*, the court found a collection letter misleading under § 1692e where the letter stated, "The above balance due includes a Verizon Wireless Collection Fee of $0.00." *Id.* at *1. *Tylke* is distinguishable from this case because the *Tylke* statement was not as clear as the itemization in the Letter. An independent sentence stating that the balance "includes" a collection fee could potentially imply to an unsophisticated consumer that one will be included, even if the collection fee at that time is zero. On the other hand, an itemization accounts for what is and is not included in a total balance. An itemization of zero shows that the

7

balance due does not include interest or other charges, rather than showing what is included in the balance, which is what distinguishes this situation from *Tylke*.

Ultimately, the Letter is clear. Delgado does not allege that listing interest and other fees as zero was inaccurate. On the contrary, he alleges that "no interest was due to be assessed on the alleged debt, nor were any other charges." Doc. 33 ¶ 23. This is exactly what the Letter reflected. The FDCPA does not require Client Services to note that an amount will not increase; "there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future." *Dick*, 2016 WL 5678556, at *5 (emphasis in original). There is no indication in the Letter that the balance is subject to increase, and the fact that interest and other charges remained at zero after Delgado began repaying the debt reinforces the idea that the balance would not increase. In light of this, Delgado has failed to state a claim under § 1692e.

## II.    Failure to Inform of Amount of Debt Owed Under § 1692g

As an afterthought, Delgado appears to plead in the alternative that if Client Services did intend to assess interest or other charges against him for lack of payment, the Letter violates § 1692g for failure to notify him of the actual amount of the debt. He contends that, if Client Services intended to charge interest or other charges, it needed to include the *Miller* safe harbor language. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). Client Services responds that the *Miller* safe harbor language is not required and does not apply in this case, and that Delgado has not adequately pleaded facts to support a claim under this provision.

When a debt collector communicates with a consumer regarding a debt, § 1692g(a)(1) requires that the collector notify the consumer of the amount of the debt within five days of that

initial communication (unless the information is provided in the initial communication). The question here is whether the Letter states the amount of the debt clearly enough so that an unsophisticated consumer would not misunderstand it. *See Taylor*, 365 F.3d at 574.

The Amended Complaint simply does not contain sufficient facts to sustain a claim under this section of the FDCPA. Rather, Delgado's allegations regarding this claim are all couched in hypotheticals. "[W]ere the debt actually subject to any possible adjustment, because of interest or otherwise, [Client Services] failed to properly inform Plaintiff of how to determine the balance of the alleged debt." Doc. 33 ¶ 29. "Assuming, *arguendo*, that any adjustment were possible or intended, [Client Services] failed to properly inform the Plaintiff it would notify him prior to depositing his payment that the amount had changed." *Id.* ¶ 31. Delgado does not argue that the current balance listed in the letter is inaccurate, and he never actually alleges that Client Services intended to charge him interest or other charges. To the contrary, he alleges that Client Services never intended to charge him interest or other charges. *See id.* ¶ 26. A plaintiff can plead inconsistent facts, if they are legitimately in doubt about the facts in question. *See Carlson v. Nielsen*, No. 13 CV 5207, 2014 WL 4771669, at *3 (N.D. Ill. Sept. 24, 2014); Fed. R. Civ. P. 8(d). But the plaintiff still must plead sufficient facts to sustain those claims, and Delgado has not done so here. The arguments here are linked to the arguments regarding whether the Letter's itemization was misleading: had the Court found that the itemization was misleading or deceptive in that it implied that interest or other charges would later be charged, there would also be a potential implication that Client Services intended to charge interest or other fees. Without that, the Letter is devoid of any indication that Client Services intended to charge Delgado interest or other fees, as is the Amended Complaint. Delgado's arguments regarding the *Miller* safe harbor language does not save this claim because *Miller* only applies in situations where the

9

debt involved is variable.  *See* 214 F. 3d at 876.  Delgado has neither adequately nor plausibly alleged an FDCPA violation under § 1692g, and the Court grants Client Services' motion to dismiss with respect to this claim.

**CONCLUSION**

For the foregoing reasons, the Court grants Client Services' motion to dismiss [29].  The Court dismisses the Amended Complaint [33] without prejudice.

Dated: March 7, 2018

SARA L. ELLIS
United States District Judge